UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| DAVID K. HOSKINS, | Case No. 1:13-cv-00264-EJL |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| CMS MEDICAL, CORIZON, JOHANNA SMITH, BLADES, RONA SIEGERT, STACY MCGREW, SARA GOFF, DEBBIE RICHARDSON, LPN DEANN, DR. MYUNG SONG, SHELL FISHER, SCOTT ELIASON, AND JILL WHITTINGTON, | |
| Defendants. | |

Plaintiff David K. Hoskins, a prisoner in the custody of the Idaho Department of Correction (IDOC), brings this action under 42 U.S.C. § 1983, alleging that Defendants have violated his Eighth Amendment right to adequate prison medical care. Pending before the Court are the following motions: (1) Plaintiff's Single Motion for a Preliminary Injunction (Dkt. 31), which Plaintiff filed in response to the Court's November 26, 2013 Order (Dkt. 20); (2) Plaintiff's request for reconsideration of the Court's decision denying appointment of counsel (Dkt. 53); and (3) a Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Defendants Smith, Siegert, Whittington and Fisher (the "IDOC Defendants") (Dkt. 47). Plaintiff has six other pending motions, despite the Court's repeated instructions that no party may have more than three motions pending at

**MEMORANDUM DECISION AND ORDER - 1**

any given time. (*See* Dkt. 20 at 10; Dkt. 41 at 2-3.)

Having carefully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order denying Plaintiff's Motion for a Preliminary Injunction and notifying the parties that the Court will convert the IDOC Defendants' Motion to Dismiss into a Motion for Summary Judgment.

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DENIAL OF APPOINTMENT OF COUNSEL

The Court will first address Plaintiff's request that the Court reconsider its previous decision denying the appointment of counsel. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

**MEMORANDUM DECISION AND ORDER - 2**

Because, as the Court concludes below, Plaintiff has not shown that he is likely to prevail on the merits of his claims, and because the Eighth Amendment issues in this matter are not novel or complex, Plaintiff's Motion for Reconsideration will be denied.

## IDOC DEFENDANTS' MOTION TO DISMISS

United States Magistrate Judge Ronald E. Bush previously screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and determined that it appeared to state a colorable Eighth Amendment claim against Defendants Smith, Siegert, McGrew, Goff, Richardson, Deann, Song, Wamble-Fisher, Eliason, and Whittington. (Dkt. 20 at 2.) The Court noted, however, that "Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion." (*Id.* at 4.) The case was then briefly assigned to Chief Judge B. Lynn Winmill, but it was reassigned to the undersigned judge on February 26, 2014. (Dkt. 64.)

The IDOC Defendants now seek to dismiss Plaintiff's Complaint, arguing that it fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

### 1. Standard of Law

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A defendant may file a motion to dismiss a complaint if that complaint fails to state a claim upon which

**MEMORANDUM DECISION AND ORDER - 3**

relief may be granted. Fed. R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

When considering a motion to dismiss, courts may look only to "'allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam)).

**2.    Discussion**

Plaintiff's Amended Complaint is rather vague, but it does allege that Plaintiff suffers from pain, depression, bipolar disorder, and obsessive compulsive disorder, that he is intellectually disabled, and that he has a low I.Q. (Am. Compl., Dkt. 11, at 6.) Plaintiff's initial Complaint stated that Plaintiff has ongoing back pain and nerve damage. (Compl., Dkt. 3, at 2.) Plaintiff asserts that Defendants McGrew and L.P.N. Deann "went in to the doctor's office telling . . . doctor Song that [Plaintiff] is faking and drug seeking, don't do anything for him."[1] (Am. Compl. at 4.) Plaintiff also contends that Defendant Dr. Eliason discontinued Plaintiff's pain medication "cold turkey" and that this caused Plaintiff to become suicidal. (*Id*. at 7.) He alleges further that several Defendants, who are

---

[1] Because Plaintiff spells phonetically, the Court has regularized his spelling in its quotations from the Amended Complaint. Thus, the quotations found in this Order are not verbatim, but rather are the Court's best interpretation of the spelling Plaintiff has used.

**MEMORANDUM DECISION AND ORDER - 4**

not medically trained, did not respond adequately to Plaintiff's grievances despite being aware that he was not receiving adequate care.

The Court concludes from its independent review of the Amended Complaint and Plaintiff's medical records that the Motion to Dismiss is more appropriately treated as a motion for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) ("When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond."). Plaintiff has limited functional abilities and states that he did not understand how to properly amend his complaint. (Am. Compl. at 3.) It is also apparent that Plaintiff is attempting to support his claims with evidence but is unsure how to proceed. For these reasons, the Court concludes that this matter cannot be resolved simply by referring to the Amended Complaint.

Therefore, the Court will convert the instant Motion to Dismiss into a motion for summary judgment and establish a limited discovery period of **60 days**, within which the parties may request from each other information and documents that are relevant to the issues in this case. All requests for discovery must be made **within 30 days** after entry of this Order to allow completion of discovery in accordance with the applicable federal rules prior to the discovery cut-off date. The IDOC Defendants shall file a supplemental brief in support of their now-converted motion for summary judgment **no later than 90 days** after entry of this Order, along with any evidence upon which they intend to rely.

**MEMORANDUM DECISION AND ORDER - 5**

Defendant Eliason, the only other Defendant to have appeared in this matter to date, may also file a motion for summary judgment **no later than 90 days** after entry of this Order, or he may join the IDOC Defendants' pending motion, if the law and facts support such action. Plaintiff shall file his response to the motions, including the supplemental brief filed by the IDOC Defendants, **no later than 30 days** after service of the supplemental brief or other motion for summary judgment. Defendants' optional reply shall be filed **no later than 14 days** after service of Plaintiff's response.

3.  **Limited Discovery Period**

Because Plaintiff is proceeding pro se, the Court provides the following general descriptions of discovery requests. A party may request that an opposing party provide certain information that the requesting party believes is relevant to the issues in the case; these requests for information are called Interrogatories. An example might be a request for the dates upon which a certain doctor treated a party or a request for the identity of a certain medical provider who took a particular action at a particular time.

A party may also request that an opposing party produce documents or other tangible evidence relevant to the case by sending that party a Request for Production of Documents, in which the requesting party must specifically describe the types of documents or other tangible evidence that he or she seeks. An example might be a request for all of a party's administrative grievance records during a certain time period. The Court notes that Defendants have already provided Plaintiff and the Court with a complete copy of Plaintiff's medical records as of February 4, 2014. (*See* Dkt. 57.)

**MEMORANDUM DECISION AND ORDER - 6**

Finally, a party may send a Request for Admissions to an opposing party, which asks the responding party to admit or deny specific statements. An example might be a request that the opposing party admit that a certain individual provided a party with medical treatment on a certain date. The above descriptions are merely examples set forth for Plaintiff's benefit and are not intended to suggest that Plaintiff, or any other party, make any specific discovery request.

No depositions or any other discovery shall be allowed during this initial discovery period. If the converted motion for summary judgment is ultimately denied, the Court will order an expanded period of discovery, after which the parties may file further motions for summary judgment or other dispositive motions.

## PLAINTIFF'S SINGLE MOTION FOR PRELIMINARY INJUNCTION

Plaintiff asks that the Court issue a preliminary injunction ordering the IDOC to house him a particular housing unit known as the Behavioral Health Unit, or BHU. He believes that the BHU is the only place where he can receive appropriate treatment. (Dkt. 31 at 1.)

A Rule 65 preliminary injunction may be granted if the moving party demonstrates the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance of potential harm favors the moving party; and (4) that the public interest favors granting relief. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video Satellite v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions of the parties until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Where, as here, a party seeks a mandatory preliminary injunction, the court must deny such relief "unless the facts and law clearly favor the moving party." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal quotation marks omitted).

In deciding whether to issue a preliminary injunction, the Court "is not bound to decide doubtful and difficult questions of law or disputed questions of fact." *Internat'l. Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Industries, Inc. v. Tapewriter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)). A court "is not obliged to hold a hearing [on a motion for a preliminary

**MEMORANDUM DECISION AND ORDER - 8**

injunction] when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1176 (3rd Cir. 1990).

The medical records lodged by Defendants contain evidence of Plaintiff's medical and mental health problems. Plaintiff has severe back pain, resulting from a disc herniation and a disc fragment impinging on a nerve root, for which Plaintiff has had several surgeries. Plaintiff also suffers from mental illness and has both threatened and attempted suicide. Although there is some evidence in the record that prison officials believed Plaintiff was attempting to manipulate his housing placement through the use of threats of self-harm and was not genuinely suicidal, Plaintiff did try to hang himself in 2012; prison guards had to "cut him down" after he was "found in his cell with a scrub shirt wrapped around his neck." (April 19, 2012 Report from St. Alphonsus Regional Medical Center, Dkt. 58-4 at 1.)

While there is evidence of serious medical and mental health conditions sufficient to meet the objective prong of the Eighth Amendment analysis, there is also evidence that Plaintiff is receiving ongoing treatment, and it is not clear that prison medical providers have acted with deliberate indifference in providing that treatment. Therefore, the Court cannot say, at this stage of the proceedings, that Plaintiff is likely to prevail on the merits of his Eighth Amendment claims. Further, Plaintiff has not established that he will suffer irreparable harm if an injunction does not issue. Although Plaintiff has engaged in self-harm in the past, he has not established that his placement in the BHU would alleviate

**MEMORANDUM DECISION AND ORDER - 9**

that risk.

Finally, the public interest does not favor the requested injunction. The United States Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of the prisons, especially those related to security—a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78, 84-86, 89 (1987). Because placement of inmates in particular facilities and particular housing units is often a matter of security, and because Plaintiff has not shown that the failure to place him in the BHU will cause irreparable harm, the Court declines to order prison officials to change Plaintiff's housing placement at this time. Plaintiff's request for a preliminary injunction will be denied.

## ORDER

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Request This Court to Reconsider That Pro Se Hoskins Be Able to Have Counsel (Dkt. 53) is DENIED.

2. Plaintiff's Single Motion for a Preliminary Injunction (Dkt. 31) is DENIED.

3. Plaintiff's Motion for This Court To Overrule Dismissing Defendant Request To Dismiss and to Allow Hoskins to Put These Documents of Facts and of Evidence to Hoskins' Claims (Dkt. 58) is GRANTED. The Court has considered, and will continue to consider, the documents filed by Plaintiff along with his Motion.

4. Plaintiff's Motion to Inform This Court That Doctor Crig Is Not in This

Case (Dkt. 35), construed as another motion for injunctive relief, is DENIED.

5. Plaintiff's Motion to Request This Court as This D.O.R. Affidavit (Dkt. 38) is STRICKEN as violating the Court's Order prohibiting any party from having more than three pending motions at a given time.

6. Plaintiff's Motion for Leave and Amend to Correct the Name on the Complaint (Dkt. 52) is STRICKEN. Plaintiff is advised that he does not need to file a motion to correct any spelling errors unless instructed to do so by the Court. The Court expects that Defendants will inform the Court of the correct spelling of their names.

7. Plaintiff's Case Action File Affidavit and Plaintiff's Civil Action File (Dkt. 54 & 55), which the Court construes together as a motion to depose Defendants' attorneys, are STRICKEN.

8. Plaintiff is advised that if he continues to violate the Court's orders, including the three-motion limit, the Court may dismiss this case and enter judgment against Plaintiff without further notice. *See* Fed. R. Civ. P. 41(b).

**IT IS FURTHER HEREBY ORDERED:**

9. The parties shall have a period of **60 days** after entry of this Order to conduct limited discovery, as set forth above. All requests for discovery must be made **within 30 days** after entry of this Order. **Discovery is exchanged between parties only and should not be filed with the Court.** The Court is not involved in discovery unless the parties are unable to work out their differences between themselves as to whether the discovery requests or responses are appropriate.

10. Defendants shall file a supplement to Docket No. 47 (which the Court will treat as a motion for summary judgment) or a new motion for summary judgment, **within 90 days** after entry of this Order. Plaintiff shall file his response to the motions, including the supplement filed by the IDOC Defendants, **within 30 days** after service of the supplement or other motion for summary judgment. Defendants' optional reply shall be filed **within 14 days** after service of Plaintiff's response.

DATED: **March 5, 2014**

Honorable Edward J. Lodge
U. S. District Judge